## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JONATHAN F.
BURKE and
HEIDI C. BURKE, on behalf of
themselves and those similarly
situated,

        **Plaintiffs,**

**VERSUS**

GEO VERA SPECIALTY
INSURANCE COMPANY, AND
GEOVERA ADVANTAGE
INSURANCE SERVICES, INC,
        **Defendants.**

Civil Action No. 23 - _____

**CLASS ACTION**
**TRIAL BY JURY DEMANDED**

---

## CLASS ACTION COMPLAINT

---

    **NOW INTO COURT**, through undersigned counsel, comes Jonathan F.
Burke and Heidi C. Burke (collectively the "Burkes"), who file the instant
complaint in their individual capacity and on behalf of those similarly situated, as
defined herein:

### NATURE OF THE ACTION

    1.    On August 1, 2021, the Louisiana legislature enacted amendments to
Louisiana Revised Statute 22:1892.

    2.    As amended, Louisiana Revised Statute 22:1892(e) allows insurers to
apply depreciation to damaged property covered by applicable insurance if the
depreciation is "reasonable and based on a combination of objective criteria and

subjective assessment, including the **actual condition** of the property prior to loss."

3.     GeoVera Specialty Insurance Company issued residential "Homeowners – Wind Only" insurance policies to Louisiana homeowners prior to Hurricane Ida on August 29, 2021, including the Burkes. Hurricane Ida damaged property owned by the Burkes which was insured by GeoVera. GeoVera made payments pursuant to those policies to the Burkes, making clear that coverage is not an issue in this case.

4.     In adjusting the claims of its policyholders, GeoVera applied a predetermined depreciation schedule to damaged roofing systems. This "Roof System Payment Schedule" was not based on the statutorily mandated combination of objective criteria and subjective assessment, including the "**actual condition**" of the property prior to loss.

5.     Without complying with the provisions of La. R.S. §22:1892(B)(6)(e) GeoVera was not legally allowed to reduce the Burkes' claims for depreciation.

6.     By applying a prohibited depreciation schedule GeoVera misstated the insurance policy provisions to the Burkes and each of the class members, in violation of La. R.S. §22:1973(B)(1).

7.     By applying an illegal depreciation schedule GeoVera also failed to pay the Burkes and the putative class members the proper amount for their damage claims within the time delays allowed by law after receipt of satisfactory proof of loss. This failure was illegal, arbitrary, capricious, and without probable

cause because it was based on a depreciation schedule that is prohibited by Louisiana law.

8.      GeoVera has damaged the Burkes and the putative class members they seek to represent by the value of the depreciation deducted from the value of their claims.

9.      GeoVera is liable to the Burkes and the putative class members for three times the value of the illegal depreciation deducted from the value of their claims, pursuant to La. R.S. §22:1973.

10.     GeoVera is also liable to the Burkes and the putative class members for a penalty equal to fifty percent (50%) of the value of the illegal depreciation deducted from the value of their claim, along with attorney's fees and costs, pursuant to La. R.S. §22:1892(B)(1).

## PARTIES

11.     Plaintiffs are Jonathan F. Burke and Heidi C. Burke (collectively the "Burkes") who are married and domiciled in Jefferson Parish, at 5021 Craig Avenue, Kenner, Louisiana 70065 (the "Property").

12.     Made Defendants are GeoVera Specialty Insurance Company, and GeoVera Advantage Insurance Services, Inc.

13.     GeoVera Specialty Insurance Company is a Delaware domiciled company that issued policies to the Plaintiffs in Louisiana.

14.     GeoVera Advantage Insurance Services, Inc., is a Delaware domiciled company that adjusted the claims of the Burkes on behalf of GeoVera Specialty

Insurance Company. Hereinafter, the Defendants shall be collectively referred to as "GeoVera".

15.     According to public records of the Louisiana Department of Insurance, GeoVera was incorporated on November 28, 1994. On August 8, 2012, the Company and its affiliates were acquired by Flexpoint Ford, a private equity firm specializing in financial services and healthcare sectors. On May 20, 2013, GeoVera redomesticated from California to Delaware.

16.     GeoVera offers residential wind and homeowners coverage to homeowners along the coastal areas of Alabama, Florida, Louisiana, South Carolina, North Carolina, and Texas. GeoVera's products are wind only and multi-peril policies covering property and liability losses for homeowners, renters, and condominium owners.

17.     GeoVera is licensed to write property and casualty insurance in California and Delaware and is eligible to write surplus lines in the remaining 48 states, including Louisiana. GeoVera has had a surplus line insurance license in Louisiana since February 25, 2005.

18.     GeoVera had net admitted assets as of September 30, 2021, of approximately $192.9 million, with policyholders surplus of approximately $19.0 million. The Company has a current AM Best financial strength rating of A.

19.     As of December 31, 2020, GeoVera's direct earned premiums in Louisiana totaled approximately $60.7 million, with homeowners insurance comprising approximately $35.5 million of the total.

## JURISDICTION AND VENUE

20.    This Court has diversity jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1332.

21.    GeoVera entered into a contract of insurance with the Burkes in Louisiana, whereby Plaintiffs paid a premium to GeoVera to insure against a covered loss to the Property in Louisiana.

22.    GeoVera transacted the business of insurance in the state of Louisiana and the basis of this suit arises out of such contacts.

23.    Venue and Jurisdiction are appropriate in this court as the Burkes reside and are domiciled at the Property located in Jefferson Parish, Louisiana.

24.    The proposed class includes only GeoVera policyholders with insured property in Louisiana.

25.    All insurance products sold in Louisiana are subject to the jurisdiction of the courts of Louisiana pursuant to La. R.S. § 22:868, which states in pertinent part:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>
> > (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
> >
> > (2) Depriving the courts of this state of the jurisdiction of action against the insurer.

26.    Personal jurisdiction also exists over GeoVera pursuant to Louisiana's "long-arm" statute, La. R.S. 13:3201, and "limiting action" statute, La. R.S. 22:868.

27.    The damages incurred by the Burkes does not exceed the $75,000 diversity jurisdictional limit of 28 U.S.C. §1332(a). However, GeoVera's actions have caused damage to the putative class in excess of $5 million, and therefore, in excess of the jurisdictional requirements for this Court pursuant to the Class Action Fairness Act at 28 U.S.C. §1332(d).

28.    GeoVera issued "Wind Only" homeowners insurance in Louisiana generating approximately $35.5 million in policy premiums for 2020. Upon information and belief, more than 100 putative class members were damaged by GeoVera's actions as alleged herein.

29.    Venue in this action is proper under La. R.S. 13:5104, as Jefferson Parish is the parish in which Plaintiffs' causes of action arise. Moreover, GeoVera issued Wind Only policies held by the Burkes and putative class members for property insured within the jurisdiction of this Court.

## FACTS

30.    GeoVera Specialty Insurance Company issued residential wind and hail insurance policy number GC60030557 to the Burkes effective August 25, 2021, up to and including August 25, 2022. The Burkes made the required $5,260.32 premium payment in exchange for "Homeowners – Wind Only" insurance coverage.

31.     The surplus policy at issue here, titled "Homeowners – Wind Only Form WH-00-03 (08-20)" ("Policy"), was in effect when Hurricane Ida struck Louisiana on August 29, 2021.

32.     On August 29, 2021, Hurricane Ida caused wind damage to property owned by the Burkes and properties owned by the putative class members. This wind damage was covered by the applicable GeoVera Policy issued to the Burkes, and GeoVera made payments pursuant to that policy.

33.     Contractual insurance coverage is not an issue in this case.

34.     There is no dispute as to the fact of coverage in this case because the Burkes and each of the putative class members had wind damage insured by GeoVera that they initially compensated. Each putative class member received an amount certain under the Policy for the insured wind damage.

35.     The GeoVera Policy issued to the Burkes and every putative class member included a form created by ISO Properties, Inc., bearing number WH-06-46. This form is an endorsement to the policies entitled "Roof System Payment Schedule [,] Roof Form WH 00 03 Only". The form states in bold caps at the top of the page, "[t]his endorsement changes the policy." The cover letter provided to the Burkes states that the Roof System Payment Schedule is a "significant restriction on your homeowners insurance policy."

36.     The Policy also includes a notice that pursuant to the endorsement, "[w]e will pay only a percentage of the cost to repair or replace the damaged parts of the 'roof system(s)' with materials of like kind and quality. The percentage

amount we will pay for such losses is based on the roof age and dominant roof material."[1]

37.    The Roof System Payment Schedule found at WH-06-46 (05-20) is the mechanism GeoVera used to compensate for such insured losses based on the roof age and dominant roof material without regard for its actual condition.

38.    According to GeoVera the only applicable provision for depreciation for Roof Systems under the Policy shall be according to the Roof System Payment Schedule Endorsement of WH-06-46 (05-20).

39.    The Roof System Payment Schedule Endorsement expressly supersedes and replaces the terms of the Policy. The endorsement expressly limits its contractual obligation for payment for covered roof damage as follows:

> **Loss Settlement**
> With respect to a loss to "roof system(s)" caused by windstorm or hail, or rain, snow, or sleet, whether or not wind-driven, we will pay only a percentage of the cost to repair or re-place the damaged parts of the "roof system(s)" with materials of like kind and quality. The percentage amount we will pay for such a loss is indicated in the Roof Systems Payment Schedule Table included in this endorsement.

40.    The Roof Payment Schedule Table includes a predetermined rate of depreciation to be applied to every roof based exclusively on its objective age and roofing material without regard for its actual condition prior to the covered wind damage. For Example:

---

[1] Form "WH 09 83 (05-20)", with emphasis added.

| Roof Systems Payment Schedule Table | | |
|---|---|---|
| Roof Age* | Dominant Roof Systems Material** | |
| | Asphalt Shingles, Architectural Shingles, and All Other | Concrete/Clay Tile or Shingle, Steel, and Hail Resistant |
| 0 | 100% | 100% |
| 1 | 99% | 100% |
| 2 | 98% | 99% |
| 3 | 97% | 98% |
| 4 | 95% | 97% |
| 5 | 92% | 95% |

*See* Exhibit A attached hereto.

41.    Pursuant to the Roof Payment Schedule Table, for example, a 15-year-old asphalt shingle roof will be mathematically depreciated by 55% regardless of its actual condition prior to being damaged by a covered wind event. Similarly, a 15-year-old Concrete/Clay tile roof will be mathematically depreciated by 66%, again regardless of its actual condition prior to being damaged by a covered wind event.

42.    The Roof Payment Schedule Table does not differentiate between classes, grades, or other objectively available data regarding the roofing system that would impact the value of the damage claim. For example, a 30-year Class 4, Impact-Resistant roof shingle would degrade at a different rate than a less expensive Class 1 shingle in the same environmental conditions. The GeoVera schedule did not take any facts regarding the roofing system's actual condition into account when applying reductions to the Burkes' claims for depreciation, in violation of Louisiana law.

43.    The Roof System Payment Schedule Endorsement's exclusive use of the Roof Payment Schedule Table excludes any other objective or subjective

information and does not allow for an evaluation of the actual condition of the property prior to loss to be used in the calculation of depreciation, which is expressly required by Louisiana law.

44.    As an insurer licensed to issue insurance policies in Louisiana, GeoVera's contractual rights with Louisiana policyholders are created, and limited, by state law, including the Insurance Code.

45.    GeoVera's adjustment of covered insurance claims is also constrained by the Louisiana's Insurance Code and associated state laws.

46.    On August 1, 2021, the Louisiana legislature enacted amendments to Louisiana Revised Statute 22:1892.

47.    As amended, Louisiana Revised Statute 22:1892(B)(6)(e) allows insurers to apply depreciation to covered damaged property if, **and only if**, the depreciation is "reasonable and based on a combination of objective criteria and subjective assessment, including the actual condition of the property prior to loss."

48.    Louisiana Revised Statute 22:1892(B)(6)(d) further directs that the method of calculating depreciation must be stated clearly: "(d) If depreciation is applied to a loss for damaged property, the insurer shall provide a written explanation as to how the depreciation was calculated."

49.    In adjusting the claims of its policyholders, GeoVera applied a predetermined depreciation schedule to damaged roofing systems – the Roof System Payment Schedule. This schedule was not based on a combination of

objective criteria and subjective assessment, including the actual condition of the property prior to loss.

50.    On August 16, 2021, GeoVera advised the Burkes that it would adjust any future wind damage claims regarding the roof structure according to the predetermined rates of ROOF SYSTEMS PAYMENT SCHEDULE - ROOF FORM WH 00 03 ONLY (which uses ISO form WH-06-46(05-20)), as follows (with emphasis added):

> Your policy contains the Roof Systems Payment Schedule Endorsement, which was added as **a mandatory endorsement** for all policies with roofs 12 years or older. The endorsement limits loss settlements for roof systems to a percentage of the repair or replacement cost when the damage is caused by windstorm or …. Windstorm damage includes damage caused by tropical storms and hurricanes.

> The Roof System Payment Schedule Endorsement lists **the percentage of payment that will be made** under the endorsement. This percentage payment is dependent on the dominant roof material and the roof year, which was verified by you as part of the application process.

51.    This predetermined depreciation rate based only on the age and material of the roof *per se* violates La. R.S. §22:1892(B)(6), as amended on August 1, 2021. The new law did not limit policy language, but instead constrained the adjustment of insurance claims and the application of depreciation to same.

52.    Hurricane Ida struck on August 29, 2021. The Burkes' claim was filed on, or about, August 31, 2021. GeoVera tendered payment and specifically reduced the claim for roof damage by 52% ($10,036.73) according to the "WH 06-46 - Roof System Payment Schedule Endorsement."

53.    GeoVera provided a Statement of Loss to the Burkes with payment under the policy which explained that the Roof System Payment Schedule had been used to decrease their roof damage claim, not the actual condition of the roof before the hurricane, as follows:[2]

**Comments/Notes**

The roof is subject to the WH-06-46 (05-20) Roof Systems Payment Schedule Endorsement. The roof year per the Property Detail Page is 2005. Per the Schedule, 52% of the cost to repair or replace a 15-year old roof is covered. Any costs to comply with ordinance and law are not covered.

54.    The detailed description of the claim stated that the coverage for "Coverage A – Dwelling" was "Less WH 06-46 (Roof Age: 16 Years)." The depreciation applied pursuant to "Roof Systems Payment Schedule" was $10,036.73.

55.    This percentage reduction correlates to the "Roof Systems Payment Schedule Table" of the GeoVera "Roof Systems Payment Schedule" included in the "Homeowners – Wind Only Form – WH-00-03" for a 16-year-old roof, as follows:

| 16 | 52% | 63% |
|----|-----|-----|
| 17 | 48% | 60% |
| 18 | 44% | 57% |
| 19 | 40% | 54% |
| 20 | 36% | 51% |
| 21 | 32% | 48% |
| 22 | 28% | 45% |
| 23 | 25% | 42% |
| 24 | 25% | 40% |

56.     The legislature has empowered insurance providers, including GeoVera, to reduce their contractual obligation for covered roof damage by a depreciation factor only if they comply with La. R.S. §22:1892.

57.     Without complying with the provisions of La. R.S. §22:1892(B)(6)(e) GeoVera was not legally allowed to reduce policyholder claims for depreciation.

58.     By applying a prohibited depreciation schedule GeoVera misstated the insurance policy provisions to the Burkes and every class member, in violation of La. R.S. §22:1973(B)(1).

59.     It has been, or shall be by the date of adjudication, more than sixty days since the Burkes and the putative class members tendered satisfactory proof of loss to GeoVera regarding their individual claims. This is proven by the fact that GeoVera issued payment to the Burkes and each putative class member based on the proof of loss it received from them.

60.     By applying an illegal depreciation schedule GeoVera failed to pay the Burkes and the putative class members the proper amount for their damage claims within 30 or 60 days after receipt of satisfactory proof of loss. This failure was arbitrary, capricious, and without probable cause because it was based on a depreciation schedule that is *per se* prohibited by Louisiana law.

61.    GeoVera has damaged the Burkes and the class of policyholders they propose to represent by the value of the illegal depreciation deducted from the value of their claim.

62.    GeoVera is liable to the Burkes and the putative class members for three times the value of the illegal depreciation deducted from the value of their claim, or at a minimum, $5,000, pursuant to La. R.S. §22:1973.

63.    GeoVera is also liable to the Burkes and the putative class members for a penalty equal to fifty percent (50%) of the value of the illegal depreciation deducted from the value of their claim pursuant to La. R.S. §22:1892(B)(1) for untimely payment of amounts owed to the Burkes and the putative class members.

64.    GeoVera may have obtained releases from some of the putative class members in exchange for payment of their claims.

65.    Any release GeoVera obtained from the Burkes, or any putative class member, is null and void as a matter of Louisiana law and public policy.

66.    In Louisiana every contract must have a lawful purpose or motive. *See* La. Civil Code art. 1772.

67.    An obligation based on an unlawful cause can have no effect. *See* La. Civil Code art. 1887.

68.    A contract that is null is deemed never to have existed. *See* La. Civil Code Ann. § art. 2033.

69.    GeoVera cannot benefit from its illicit and immoral release contract as it knew, or should have known, of the illegality of its Roof Systems Payment

Schedule Endorsement at the time it obtained the release in exchange for

payments due under the Policy.

## CLASS ACTION ALLEGATIONS

70.    The Burkes bring this action on their own behalf and as a class action

pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of

the following "Class:"

> All persons and entities that were:
>
> 1) compensated by GeoVera for,
>
> 2) insured losses occurring as a result damage to insured property in Louisiana after August 1, 2021,
>
> 3) which damage value was reduced according to the Roof Systems Payment Schedule Endorsement.
>
> Excluded from the class are governmental entities, Defendants, any parent, subsidiary or affiliate thereof, Defendants' officers, directors, employees, and immediate families, and any judges or justices assigned to hear any aspect of this action.

71.    The Burkes do not know the exact number of putative members of the

Class because such information is in the exclusive custody and control of GeoVera.

Based on available information from the Louisiana Department of Insurance,

Plaintiffs believe the number is at least in the hundreds who have collectively

incurred damages in excess of $5 million.

72.    There are questions of law and fact which are common to the claims of

the Burkes and the Class, including, but not limited to:

a.  Whether GeoVera's reduction of payments *via* the Roof Systems Payment Schedule Endorsement for covered losses violated La. R.S. 22:1892(B)(6)(e);

b.  Whether, by applying a prohibited depreciation schedule to the adjustment of satisfactorily proved damage claims, GeoVera misstated the insurance policy provisions to the Class members in violation of La. R.S. §22:1973(B)(1);

c.  Whether GeoVera's failure to fully compensate the Class for their insured damage claims within the 30 and 60 day delays after being provided with satisfactory proof of loss was illegal, arbitrary, capricious, and without probable cause because it was based on a depreciation schedule that is prohibited by Louisiana law;

d.  Whether GeoVera has damaged the Class by the value of the illegal depreciation deducted from the value of their proven claims;

e.  Whether GeoVera is liable to the Class for three times the value of the illegal depreciation deducted from the value of their roof system claim pursuant to La. R.S. §22:1973;

f.  Whether GeoVera is liable to the Burkes and the Class for a penalty equal to fifty percent (50%) of the value of the illegal depreciation deducted from the value of their claims pursuant to La. R.S. §22:1892(B)(1).

73. The Burkes' claims are typical of the putative members of the Class.

74. The Burkes and the Class members each:

  a.  Received payment from GeoVera for wind damage to insured property in Louisiana;

  b.  Had the value of their damage claim reduced by a depreciation value set in advance by GeoVera according to the Roof Payment Schedule Table attached to the WH-06-46 Roof Systems Payment Schedule Endorsement.

75.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

76.    The predominate issue is that GeoVera applied a depreciation scheme that, in its own words, resulted "in a reduction of coverage" while violating Louisiana law.

77.    Individual issues regarding the adjustment of each Class member's claim will not be relevant to the instant suit as the only issue is whether the depreciation applied pursuant to WH-06-46 Roof Systems Payment Schedule Endorsement could legally be applied to the value of the insured loss that GeoVera accepted as accurate. GeoVera adjusted the claims, and this suit will not challenge any aspect of the adjustment beyond the application of the WH-06-46 Roof Systems Payment Schedule Endorsement to the roof damage value applied by GeoVera.

78.    If the WH-06-46 Roof Systems Payment Schedule Endorsement violates La. R.S. §22:1892(B)(6)(e), then every Class member will be entitled to the value of the deduction taken out of GeoVera's payment to them, as the reduction of

a claim's value based on depreciation is only authorized by law when it is done in compliance with the Louisiana Insurance Code, including La. R.S. §22:1892(B)(6)(e).

79.    GeoVera has the information regarding the accepted value of the roof damage and the amount GeoVera reduced that value by, in its custody. No further evaluation of any fact specific to any individual Class member will be relevant to this case.

80.    Any existing claims the Burkes or a putative class member may have will not be impacted by this action as class membership is limited to those who have received payment from GeoVera for their roof damage. Claims regarding any other property or damage will not be part of this class action.

81.    Calculation of the quantum of damage incurred by the Burkes and the putative class members shall be based on GeoVera's files containing the line item adjustment pursuant to WH-06-46 applied to each Class member.

82.    A class action is superior to other available methods for the fair and efficient adjudication of this dispute because:

a. The prosecution of separate actions by individual members of the Class would risk inconsistent or varying outcomes in Louisiana state court and this court establishing conflicting standards and application of Louisiana law to GeoVera's application of the illegal Roof Systems Payment Schedule Endorsement.

b.  The Class members are readily identifiable from the records of GeoVera for claims adjudicated within the last two years, but are too numerous to efficiently seek individual claims across the state and federal courts of Louisiana depending on the size of the claim.

c.  The application of the Roof Systems Payment Schedule Endorsement to the claims of Class members will be noted on the Statement of Loss, or materially similar documentation, submitted by GeoVera Advantage Insurance Services, Inc., to each Class member and retained in the GeoVera files.

d.  Prosecution as a class action will eliminate the likelihood of thousands of repetitive litigations in the state and federal courts of south Louisiana where GeoVera illegally applied the Roof Systems Payment Schedule Endorsement.

e.  Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of judicial and legal resources and costs that numerous individual actions would require.

f.  Class treatment will permit the adjudication of relatively small claims by many Class members who otherwise may not be able to afford to litigate the claim asserted in this complaint on an individual basis. For example, GeoVera improperly reduced the payment owed to

19

the Burkes by $10,036.73. Many Class members may have difficulty

obtaining legal counsel to pursue claims of this size or smaller.

g.    The damages to each Class member may not be objectively large on

an individual basis but are substantial in the aggregate. For example,

assuming just a $5,000 illegal damage claim reduction and applying it

to just 300 Class members would equate to $1,500,000 in illegal

windfall profits to GeoVera, before treble damages and other penalty

provisions were applied.

h.    This amount could be drastically higher given the prevalence of roof

damage from Hurricane Ida, the cost of roofing materials in 2022, and

the fact GeoVera represents almost two percent (2%) of the Louisiana

homeowner policy market when Hurricane Ida struck.

83.    The proposed Class does not present material difficulties in terms of
management or administration that would preclude maintenance as a class action.
GeoVera used standard forms and noted the application of the Roof Systems
Payment Schedule Endorsement on its forms, often referencing the unique form
number, WH-06-46.

84.    The Burkes will fairly and adequately assert and protect the interests
of the Class.

85.    The Burkes' interests are consistent with, and not antagonistic to,
those of the other members of the Class.

86.     The Burkes are represented by counsel who are competent and experienced in the prosecution of insurance claims and class action litigation.

## CAUSES OF ACTION

### Damages

87.     The Louisiana Insurance Code (La. R.S. 22:1, *et seq.*) provides that "[n]o person shall be authorized to transact or shall transact a business of insurance in this state without complying with the provisions of this Code."

88.     The Insurance Code provides for a private right of action for violations at La. R.S. §22:1973 and §22:1892.

89.     Tort liability in Louisiana is based on a showing of duty, breach, damage, and the quantum of the damage.

90.     GeoVera owed a duty to the Burkes and the Class members.

91.     The Louisiana Insurance Code places a duty on GeoVera to conduct its contractual relationship with the insured Class members in good faith and with fair dealing.

92.     The Louisiana Insurance Code also places an affirmative duty on GeoVera to adjust claims fairly and promptly and to make a reasonable effort to settle claims.

93.     The Louisiana Insurance Code provides that: "[a]ny insurer who breaches these **duties** shall be liable for any damages sustained as a result of the breach and a successful claimant may also be awarded penalties of up to two times

the amount of those damages on a 'bad faith' claim brought under Section 1973."

La. R.S. 22:1892 (emphasis added).

94.    GeoVera breached at least two sections of the duties created by La.

R.S. §22:1973(B).

95.    The Louisiana Insurance Code states at La. R.S. §22:1973(B) that:

> Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue…
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

96.    GeoVera breached its duty to the Burkes and the putative Class

members.

97.    GeoVera represented to each putative Class member that the Policy

contained provisions, in the form of the WH-06-46 Roof Systems Payment Schedule

Endorsement, which allowed GeoVera to reduce the insured damage value

according to the Roof Payment Schedule Table.

98.    GeoVera thereby misrepresented pertinent facts regarding the

insurance policy provisions relating to coverage to its own financial advantage.

99.    By misrepresenting the application of the Roof Systems Payment

Schedule Endorsement, GeoVera knowingly failed to pay the actual value of the

claims submitted by the Burkes and the Class members within 30 or 60 days of the

submission of a proof of loss sufficient for GeoVera to warrant payment.

Misrepresentation of the Policy provisions to gain financial advantage is arbitrary, capricious, and lacks probable cause.

100.    This tortious conduct by GeoVera is in line with the conduct recently uncovered and reported by the Louisiana Department of Insurance who fined GeoVera for, among other things, for violations of La. R.S. §22:1973 and La. R.S. §22:1984, just months before Hurricane Ida claim adjustments began.

101.    The Louisiana Insurance Code allows insurers, including GeoVera, to reduce payments for damage to insured property based on depreciation, **only if** the following provisions of La. R.S. §22:1892(B)(6) are satisfied:

> (d) If depreciation is applied to a loss for damaged property, the insurer shall provide a written explanation as to how the depreciation was calculated.
>
> (e) Depreciation shall be reasonable and based on a combination of objective criteria and subjective assessment, including the actual condition of the property prior to loss.

102.    GeoVera is only legally allowed to reduce the recoverable replacement value of damaged insured property by depreciation if it complies with these provisions of Louisiana law. GeoVera did not comply with La. R.S. §22:1892(B)(6)(e) and therefore was not legally entitled to reduce the valid claims of the Burkes and Class members for depreciation of their roofing system.

103.    But for GeoVera's illegal reduction of the valid damage claims of the Burkes and the Class members, each would have received the amount they actually received plus the line item reduction attributed to "Less WH-06-46 (Roof Age [XX] Years)".

104.    The value of this reduction is easily identifiable from the Statement of Loss, and other similar claim adjustment documents, for each Class member and the Burkes in GeoVera's files.

105.    The quantum of this damage will be different for every Class member, but the fact of damage is identical, and the quantum is easily determinable from the line item deduction attributed to WH-06-46, the Roof Systems Payment Schedule Endorsement.

106.    The Burkes and the Class members are also entitled to penalties pursuant to La. R.S. § 22:1973. That provision of the Louisiana Insurance Code decrees that: [i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed **two times** the damages sustained **or five thousand dollars**, **whichever is greater**."

107.    The Burkes and the Class members are also entitled to penalties pursuant to La. R.S. §22:1892(B)(1)(a). That provision obligates GeoVera to pay the Burkes and the Class members an additional penalty, as follows: "in the event a partial payment or tender has been made, **fifty percent** of the difference between the amount paid or tendered and the amount found to be due as well as **reasonable attorney fees and costs**."

## INJUNCTIVE RELIEF

108.    Pursuant to La. C.C.P. art. 3609, an injunction may issue where irreparable injury, loss, or damage may otherwise result to applicant, or in other cases provided by law.

109.    Under Louisiana law, a showing of irreparable harm is not required when the conduct sought to be restrained is unlawful.[3]

110.    The Burkes and the Class members may seek and be granted injunctive relief in this matter as the conduct sought to be restrained in this matter is unlawful and illegal and in violation of Louisiana law.

111.    Accordingly, Defendants and their successors, assigns, parents, subsidiaries, affiliates, and transferees should be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining, or renewing the use of depreciation schedules in violation of La. R.S. §22:1892.

## PRAYER FOR RELIEF

**WHEREFORE**, on their own behalf, and on behalf of the putative Class members, the Burkes pray:

112.    That the Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and direct that reasonable notice of this action, as provided by Rule 23(c)(2) be given to members of the Class;

---

[3] *LaFreniere Park Found. v. Friends of LaFreniere Park,* 698 So.2d 449 (La. App. 5 Cir., 07/29/97).

113.    That undersigned counsel be appointed as Co-Lead Counsel for the Class;

114.    That after due trial proceedings be had before a jury, that the Court adjudge and decree that GeoVera be penalized according to La. R.S. §22:1892(B)(1)(a) and La. R.S. §22:1973;

115.    That the Court award the Burkes and the Class attorney's fees and costs pursuant to La. R.S. §22:1892(B)(1)(a);

116.    That Defendants and their successors, assigns, parents, subsidiaries, affiliates, and transferees be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining, or renewing the use of depreciation schedules in violation of La. R.S. §22:1892;

117.    This Court order Defendants to return to the Class the depreciation values it wrongly deducted in violation of La. R.S. §22:1892 from the Class members since August 29, 2021, and to refrain from withholding any depreciation values rightfully owed to the Class; and

118.    That the Court award the Burkes and the Class such other and further equitable relief as may legally be available and deemed necessary and appropriate to compensate the Burkes and Class members adequately.

*Respectfully submitted*, this 6th day of July 2023.

*Davillier Law Group, LLC*

/s/ Charles F. Zimmer II
Daniel E. Davillier, La. No. 23022
Charles F. Zimmer II (T.A.), La. No. 26759
Jonathan D. Lewis, La. No. 37207
935 Gravier Street, Suite 1702
New Orleans, LA  70112
Phone: (504) 582-6998
Fax: (504) 582-6985
ddavillier@davillierlawgroup.com
czimmer@davillierlawgroup.com
jlewis@davillierlawgroup.com

*Irpino, Avin & Hawkins Law Firm*
Anthony D. Irpino, La. No. 24727
Kacie F. Gray, La. No. 36476
airpino@irpnolaw.com
kgray@irpino aw.com
2216 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 525-1500
Fax: (504)525-1501

*Counsel for Plaintiffs*
*Jonathan and Heidi Burke*