UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEIDI C. BURKE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-2352 |
| GEOVERA SPECIALTY INSURANCE CO., ET AL. | SECTION A(4) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss Class Action Complaint (Rec. Doc. 13)** filed by GeoVera Specialty Insurance Co.; **Motion to Dismiss Class Action Complaint (Rec. Doc. 12)** filed by GeoVera Advantage Insurance Services, Inc. Both motions are opposed. The motions, submitted for consideration on September 27, 2023, are before the Court on the briefs without oral argument. For the following reasons, both motions are GRANTED.

**I. Background**

This civil action is the second lawsuit that the plaintiffs, Heidi Burke and Jonathan Burke, have filed against GeoVera Specialty Insurance Co. ("GeoVera Specialty") for Hurricane Ida damages to their home in Kenner, Louisiana. GeoVera Specialty issued the wind policy that covered the property.

The first lawsuit was filed in state court on February 24, 2022, and was removed to this Court on April 12, 2022, as Civil Action 22-976. Two months later the Burkes settled all claims against GeoVera Specialty. The Court entered its standard 60-day conditional order of dismissal on June 23, 2022, and on September 8, 2022 the parties

filed their joint motion to dismiss with prejudice, which the Court granted. The Burkes were represented by counsel throughout the proceedings and they did not move to annul the settlement or the final order of dismissal in Civil Action 22-976 on any grounds. The parties' briefing includes references to a signed release, which has not been provided to the Court.

On July 6, 2023, the Burkes filed the instant complaint, Civil Action 2352, against GeoVera Specialty and GeoVera Advantage Insurance Services, Inc. ("GeoVera Advantage"). The crux of the Burkes' complaint is that when adjusting their Hurricane Ida claim, GeoVera Specialty applied a predetermined depreciation schedule to damaged roofing systems, *i.e.*, the Roof System Payment Schedule, which according to the Complaint, runs contrary to La. R.S. § 22:1892(B)(6)(e), as amended on August 1, 2021.[1] The Burkes, represented by the same law firm that represented them when they settled their claims against GeoVera Specialty in the earlier lawsuit, are seeking to represent a class of all insureds who were paid by GeoVera Specialty for insured property damage occurring after August 1, 2021, whose damage value was reduced according to the Roof System Payment Schedule. Neither the Burkes' class complaint nor the Civil Cover Sheet specifically mentions the Burkes' prior lawsuit against GeoVera Specialty nor the settlement.[2]

---

[1] La. R.S. § 22: 1892(B)(6)(e) states: "Depreciation shall be reasonable and based on a combination of objective criteria and subjective assessment, including the actual condition of the property prior to loss."

[2] Paragraph 65 of the Complaint states that "[a]ny release obtained from the Burkes, or any putative class member, is null and void as a matter of Louisiana law and public policy." This statement is the sole reference to the first lawsuit

The Burkes have sued GeoVera Advantage because it served as a liaison to the Burkes concerning the policy of insurance issued by GeoVera Specialty. The Burkes maintain that this entity is liable to them in tort.

In response to the Burkes' class complaint herein, GeoVera Specialty has filed a motion to dismiss grounded on the contention that all of the Burkes' claims against GeoVera Specialty in this lawsuit are barred by the doctrine of res judicata.

GeoVera Advantage's separate motion to dismiss is grounded on the contention that the plaintiffs had no privity with this entity, which did not issue the Burkes' wind policy.

## II. Discussion

**<u>GeoVera Specialty</u>**

Although the Fifth Circuit has previously questioned whether the affirmative defense of res judicata can be raised in a motion to dismiss, it has not foreclosed a defendant's ability to do so. *Webb v. Town of St. Joseph*, 560 Fed. App'x 362, 366 n.4 (5th Cir. 2014 ) (unpublished). The Burkes have not objected to GeoVera raising its res judicata defense via a Rule 12(b)(6) motion to dismiss. Given that all of the relevant facts upon which GeoVera Specialty's res judicata defense is based are uncontroverted and contained in the public record of this Court, the Court is certain that in this case it is particularly appropriate to consider the res judicata defense via a motion to dismiss.

Louisiana's res judicata rules apply. *See Cook v. Marshall*, 645 F. Supp. 3d 543, 550 (E.D. La. 2022) (citing *Dotson v. Atlantic Specialty Ins. Co.* 24 F. 4th 999, 1002 (5th Cir. 2022)). Louisiana law requires five elements to be satisfied for the theory of res

judicata to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Bd. of Supvs. of La. State Univ. v. Dixie Brewing Co.*, 154 So. 3d 683, 689 (La. App. 4th Cir.2014) (citing *Burguieres v. Pollingue,* 843 So. 2d 1049, 1053 (La. 2003)).

These elements derive from Louisiana's res judicata statute, found at La. R.S. § 13:4231. Louisiana Code of Civil Procedure articles 425(A) and 1061(B), which mandate that a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation, also form part of Louisiana's law on res judicata. Thus, Louisiana's res judicata bar reaches beyond issues that were actually raised in the first lawsuit to those that existed at the time that the first lawsuit and therefore *could have been raised*.

The Order of Dismissal With Prejudice entered on September 13, 2022, which dismissed Civil Action 22-976 with prejudice, constitutes a final judgment. The Burkes and GeoVera Specialty, all of whom were parties in Civil Action 22-796, were parties to that final dismissal order. And the Burkes do not dispute—nor could they plausibly do so—that the new claim that they are raising under La. R.S. § 22:1892(B)(6)(e) existed not only at the time of the final judgment but also when they filed their state court petition in February 2022. That the cause of action based on La. R.S. § 22:1892(B)(6)(e) arose out of the Burkes' Hurricane Ida damage claim, *i.e.*, the

transaction or occurrence that was the subject matter of the first litigation, likewise is not susceptible to dispute. Therefore, unless this Court's Order of Dismissal With Prejudice in Civil Action 22-976 is not valid, res judicata presents an insurmountable bar to the Burkes' new lawsuit against GeoVera Specialty. And the Burkes' present desire to represent a class of plaintiffs does nothing to help them overcome that bar.[3]

The Burkes' strategy to avoid the preclusive effects of res judicata is grounded on the contention that the final order or dismissal in Civil Action 22-976 is not a *valid* one. Thus, the Burkes are disputing the first element of res judicata. The Burkes contend that the final dismissal order of this Court is not valid because the release and the settlement upon which it was based, are absolute nullities under Louisiana law.[4]

At the outset and before addressing the Burkes' nullity argument, the Court notes that neither the Burkes' allegations in their new complaint nor anything in the opposition prepared by their attorneys, even remotely suggests that error, fraud, duress, or undue influence tainted the confection of the settlement that they reached with GeoVera Specialty in Civil Action 22-976, the release that the Burkes signed, or the joint motion to dismiss with prejudice that was filed in that case. The Burkes were represented by counsel with vast hurricane litigation experience throughout the pendency and

[3] The Court stresses this point because the Burkes' opposition focuses far too much on the putative class whereas at this stage the focus is solely on the Burkes, who have brought this lawsuit.

[4] Ordinarily res judicata is premised on a final judgment, such as the final order of dismissal entered in Civil Action 22-976, but the Louisiana Supreme Court has recognized that it also applies where there is a compromise or settlement of a disputed claim or matter that has been entered into between the parties. *See Joseph v. Huntington Ingalls, Inc.*, 347 So. 3d 579, 584 (La. 2020) (citing *Ortego v. State, Dept. of Transp. & Dev.*, 689 So. 2d 1358, 1364 (La. 1997)). Thus, in order to avoid the effects of res judicata the Burkes must invalidate not only the final order of dismissal but also the release that they signed.

settlement of the first lawsuit. Every single aspect of the new complaint—which is based on a law that went into effect in 2021 and a provision found in the Burkes' policy—was known to the Burkes and their counsel during the first lawsuit. The failure to raise the issue in the first lawsuit had nothing to do with any conduct on the part of GeoVera Specialty and its counsel, or GeoVera Advantage.

In Louisiana strong public policy considerations favor compromise and settlement of lawsuits. *Daigle v. Clemco Indus.*, 593 So. 2d 1282, 1286 (La. App. 1st 1991) (citing *Richard v. Southern Farm Bureau Cas. Ins. Co.,* 223 So. 2d 858 (1969); *Durbin v. Cockerham,* 442 So. 2d 634 (La. App. 1st Cir.1983)). The law generally does not authorize the invalidation of settlements where there is no evidence of fraud, bad faith, or error. *Id.* (citing *Jackson v. U.S. Fidelity & Guaranty Co.,* 199 So. 419 (La. App. 2d Cir.1940)). Therefore, under Louisiana law, a compromise agreement may only be rescinded or set aside where one of the following has been shown: (1) error in the person, (2) error on the matter in dispute, (3) fraud or violence (duress). *Hoover v. Boucvalt*, 747 So. 2d 1227, 1230 (La. App. 4th Cir. 1999) (citing *Brown v. Drillers, Inc.*, 630 So.2d 741, 748 (La. 1994)); *Joseph v. Huntington Ingalls Inc.*, 347 So. 3d 579, 591–92 (La. 2020) (citing La. Civ. Code art. 3082)).

Clearly this case is not about error, fraud, or duress—in other words nothing grounded in fact or a combination of law and fact—as grounds to set aside the prior settlement. If this case did involve allegations of error, fraud, or duress to avoid the res judicata bar, then instead of filing a new lawsuit, the Burkes would have moved for relief (in Civil Action 22-976) under Rule 60(b)(3), which may allow for relief from a judgment where there has been fraud, misrepresentation, or misconduct by an opposing party.

Instead, the Burkes have crafted a novel legal theory as to why this Court's final order of dismissal in Civil Action 22-976, and the release and settlement leading up to it, should be deemed nullities. That legal theory goes as follows: La. R.S. § 22:1892(B)(6)(e)) constitutes a rule of public order under Louisiana law. The GeoVera Specialty insurance contract violated this rule of public order by applying a prohibited depreciation schedule, *i.e.*, the Roof System Payment Schedule. Pursuant to Louisiana Civil Code article 2030, "[a] contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral." Therefore, the entire policy of insurance is a nullity, so the settlement, release, and final order of dismissal in Civil Action 22-976 should also be deemed absolute nullities. And under Louisiana law, a null judgment or release cannot provide a basis for a res judicata defense. *Succession of Crute*, 226 So. 3d 1161 (La. App. 1st Cir. 2017).

The only aspect of the Burkes' legal theory that has merit is the contention that a null judgment cannot provide a basis for res judicata. Assuming arguendo that the Roof System Payment Schedule is contrary to La. R.S. § 22:1892(B)(6)(e), it does not follow that Civil Code article 2030 renders the entire policy of insurance an absolute nullity.[5] Ignoring that the Burkes' theory would invalidate coverage for every insured whose policy contains the Roof System Payment Schedule, allow the insurer to avoid its coverage obligations by asserting that the policy is an absolute nullity, and preclude the possibility of a binding settlement and compromise in any plaintiff's lawsuit against the

[5] Although the Burkes' ultimate goal is to nullify the release and settlement in their first lawsuit, they cannot get there without having the policy of insurance itself declared a nullity; or at least they posit no theory under which the contract (the policy) that contained the Roof System Payment Schedule would *not* be null but the settlement and the release *would be* null.

insurer, Article 2030 is triggered only when a contract violates a rule of public order. The Court is persuaded that La. R.S. § 22:1892(B)(6)(e) is not a rule of public order of the nature encompassed within the reach of Civil Code article 2030, "as when the object of a contract is illicit or immoral."

A rule of public order, such as the Civil Code's prohibition on removing immovable property from commerce indefinitely, which was at issue in the *Succession of Crute* decision cited above and relied upon by the Burkes, protects societal concerns broader than the concerns of the parties to the contract. This is why private litigants cannot create an enforceable agreement amongst themselves to violate a rule of public order.

But the Insurance Code imposes a mandate like La. R.S. § 22:1892(B)(6)(e) to protect the individual insured, who can either abide by the depreciation model used by the insurer or challenge it, including by means of filing a lawsuit. There are no broader societal concerns implicated when an individual insured does not dispute the validity of the depreciation method used on a claim. And if he does dispute it and prevails, it would be a pyrrhic victory indeed if the price of successfully challenging the depreciation method meant that his whole policy was rendered an absolute nullity thereby depriving him of coverage. Rather than constituting a rule of public order "intended to protect a large class of persons," *Crute*, 226 So. 3d at 1173, the Court is persuaded that La. R.S. § 22:1892(B)(6)(e) is "a rule intended for the protection of private parties," because it is intended to protect the individual insured. *See* La. Civ. Code art. 2031.

In sum, neither the policy of insurance nor the settlement reached in the Burkes'

first lawsuit, and the resulting final order of dismissal, are absolute nullities. All of the elements necessary to support res judicata in favor of GeoVera Specialty are satisfied and the motion to dismiss is granted.

**GeoVera Advantage**

The allegations in the complaint do not support a claim in tort (or under any other legal theory) against GeoVera Advantage, which was not the Burkes' insurer. While the Burkes argue in their opposition that their theory against GeoVera Advantage is based on tort, the Burkes lumped this entity in with the GeoVera Specialty when pleading their case. GeoVera Advantage was not the insurer and it is unclear what duties, beyond the statutory duties imposed on insurers, the Burkes believe that GeoVera Advantage violated. The motion to dismiss is granted.[6]

**Leave to Amend**

Finally, the Burkes have requested leave to amend their complaint if the Court should determine that the motions to dismiss should be granted. The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir.2003)).

The Court is persuaded that any amendment by the Burkes' would be futile in light of the res judicata bar, which is not based on the lack of pleaded facts. As the

[6] GeoVera Advantage did not raise res judicata in its motion to dismiss but the Court suspects that the release includes language that would inure to the benefit of this entity.

Court explained above, there are no controverted facts at issue in the res judicata defense and all of the elements are met based solely on the pleadings, the public record, and the applicable law. The Burkes' opposition advises that there are many other putative class members for which res judicata would not apply. Those persons are certainly at liberty to file their own lawsuits, or to move to amend the pleadings in their pending lawsuits. But the Burkes are not entitled to leave to amend so that their attorneys can locate another viable litigant to pursue class action litigation in their stead.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Class Action Complaint (Rec. Doc. 13)** filed by GeoVera Specialty Insurance Co. is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Class Action Complaint (Rec. Doc. 12)** filed by GeoVera Advantage Insurance Services, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint in this matter is **DISMISSED WITH PREJUDICE**.

October 26, 2023

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE